HENRY GEORGE AUERBACH and DEWEY AUERBACH, Plaintiffs, *v.* MARYLAND CASUALTY COMPANY, Defendant.

Supreme Court, Kings Special Term, December, 1922.

Insurance — liability insurance — assured may not recover damages from insurer because it failed to settle an accident claim on a reasonable basis before suit.

An insurance company is not liable in damages to the assured because it does not settle an accident claim for less than the amount of the judgment later recovered.

Where a complaint alleges that the insurance company refuses to contribute the full amount of its liability policy in settlement of a claim although it was reasonably probable that a recovery could be had for a greater amount than the proposed settlement and that a judgment was later recovered for a much greater amount of which the assured had to pay all over the amount of the policy but alleges no negligence on the part of the company in preparing or trying the case, the action will be dismissed on the pleadings.

An allegation in the complaint that the company was guilty of bad faith does not save the pleading since bad faith may not be based upon the exercise or failure to exercise a contractual right optional in character.

MOTION for judgment on the pleadings on the ground that complaint fails to set forth a cause of action.

*Frank E. Johnson, Jr.,* for plaintiffs.

*Frank C. Laughlin,* for defendant.

KAPPER, J. For the purposes of this motion it will be assumed that the defendant knew, as the complaint alleges, " that it was reasonably probable " that the injured persons " would recover more than the sum of $6,500, which was sufficient to then compromise and settle said actions," notwithstanding which the defendant declined to contribute the sum of $5,000, the amount of the policy, towards such settlement and suffered the actions to proceed to trial and judgment for the very large sum over and above the amount for which the claims or actions could have been settled. Nevertheless, I do not think the complaint can stand. Negligence by defendant in investigating the facts or in the preparation for or conduct of the trial is not alleged, nor is fraud or misrepresentation the gravamen of the suit. " Bad faith " is alleged, but the facts recited do not, in my opinion, create a legal basis for the maintenance of the suit. Bad faith rests upon the violation of a duty. But the defendant owed the assured no duty to indulge in speculation upon the possible outcome of the case if tried. Its obligation was against " loss from liability imposed by law." Certainly there could be no loss prior to a liquidation of the liability by judgment of law. One of the provisions of the policy is that

the company " is not responsible for any settlements made, or any expenses incurred by the assured, unless such settlements or expenditures are first specifically authorized in writing by the company * * *." By another provision the company agrees at its own cost to " investigate all accidents and defend all suits even if groundless, of which notices are given to it as hereinafter required, *unless the company shall elect to settle the claim or suit.*" The policy also requires the assured to give the company immediate notice in writing of any accident and any suit resulting therefrom and to forward to the company every summons or other process. Neither in these provisions nor elsewhere in the policy is there reserved to the assured any right to direct or participate in any legal proceeding or to negotiate and conclude settlements which shall be binding on the company. On the contrary, the provisions quoted operate as a surrender by the assured of all their rights in these respects. *Paper Co.* v. *Casualty Co.*, 92 Maine, 574, 583. But these provisions, effective as a relinquishment of the right of the assured to settle or compromise, impose no legal duty in this respect upon the company. The latter agrees to defend unless it shall " elect to settle." The duty to defend is absolute; but the right to compromise is optional. In this respect the language employed is clear and unequivocal. In the face of this clear intent of the parties, evidenced by unambiguous language, the courts may not, by implication of law, convert an optional right into a compulsory duty. There are limitations upon the rule by which courts adopt a construction most favorable to the assured. In reference to this rule of construction the Supreme Court of the United States have said: " But the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452, 463. Defendant's obligation was limited, if it so elected, to a loss arising from a liability liquidated by a judgment. It never expressly or impliedly agreed to sanction a liquidation by agreement. It may not be stultified for an insistence upon its legal rights. Neither may bad faith be based upon the exercise, or the failure to exercise, a contractual right optional in character. The defendant was under no duty to compromise before trial. The decisions, both in this state and elsewhere, support this view. *Levin* v. *New England Casualty Co.*, 101 Misc. Rep. 402; affd., 187 App. Div. 935; 233 N. Y. 631; *Schmidt* v. *Travelers Ins. Co.*, 244 Penn. St. 286. In the *Schmidt Case*, *supra*, where the policy prevented a settlement

without the written consent of the company, the court (p. 289) say: " The insurer was under no obligation to pay in advance of trial and the decision whether to settle or to try was committed to it. The plain words of the policy have no other meaning." The probability of a judgment for $20,000 was as apparent to the assured as it was to the insurer, and that being so the assured were in no position to insist that the insurer should pay one hundred per cent of its possible liability whilst the assured should pay only ten per cent. What the insurer offered to do was to pay seventy per cent of its liability, leaving it to the assured to pay but twenty per cent of their liability, assuming a recovery of $20,000 to have been foreseen. In the light of common experience based upon the uncertainties of litigation, the insurer may have viewed the case from such angles as the possibility of the action abating or a smaller verdict being rendered than the amount of its policy. In any event, whatever the circumstances may have warranted as a matter of good business, the legal right to refuse to pay the limit of its policy by way of settlement was reserved by the insurer and bad faith upon which a cause of action can be predicated may not be claimed from its refusal to contribute over $3,500 towards a settlement, for such refusal was nothing more than an insistence upon the exercise of a contractual right which the terms of the policy plainly conferred. I am constrained to hold that a cause of action is not alleged, and that the motion must be granted.

Ordered accordingly.