HENRY GEORGE AUERBACH and Another, Appellants, v. MARYLAND CASUALTY COMPANY, Respondent.

Second Department, April 13, 1923.

Insurance — automobile indemnity insurance — action by insured to recover difference between offer of settlement by injured party and amount of judgment recovered against insured — insured agreed to pay injured party $1,500 in excess of face of policy of $5,000 — insurer refused to accept offer unless its liability was reduced to $3,500 — complaint sufficient.

The complaint in an action against an insurance company, which had issued an indemnity liability policy on the plaintiff's automobile, to recover the difference between an offer of settlement by an injured person and judgment recovered by him, states facts sufficient to constitute a cause of action, where it alleges that

after an accident the injured person offered to settle for $6,500; that the insured was willing to accept the offer and to pay $1,500, the difference between the face of the policy and the settlement offer; but that the insurer refused to accept the offer except upon condition that it would be obliged to pay only $3,500 which was $1,500 less than the face of the policy; and that the insurer had full charge of and defended the action against the insured and a judgment was recovered against the insured for more than the amount of the offer of settlement.

JAYCOX and KELBY, JJ., dissent.

APPEAL by the plaintiffs, Henry George Auerbach and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of December, 1922, granting defendant's motion for judgment and dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, and also from the judgment entered in said clerk's office on the 3d day of January, 1923, pursuant to said order.

The complaint in this action alleges that the defendant issued a policy of automobile indemnity insurance to the plaintiffs for $5,000; that thereafter an action was brought against the plaintiffs by Jane O'Neill for personal injuries and by James O'Neill, her husband, for loss of her services; that the plaintiffs in that action offered to settle their claims for $6,500; that the said Jane O'Neill was so seriously injured and the defendant's liability so certain that the defendant, after investigation, advised the plaintiffs herein that a judgment for a much larger amount than $6,500 would, in all probability, be recovered in that action, and advised that the offer of settlement be accepted; that the plaintiffs herein were willing to accept the offer of settlement and offered to pay the $1,500 in excess of the face of the policy, but the defendant herein refused to settle, except on condition that it would not be required to pay more than $3,500; that thereafter the negligence action was duly tried, the defendant conducting the trial for the defense, and, after verdicts in favor of Jane O'Neill for $20,000 and of James O'Neill for $500, judgments were rendered for the total amount of $20,793.94, and that the plaintiffs paid on said judgments, over and above the amount contributed by the defendant, the sum of $15,500. This action was brought to recover $14,000, the difference between what the plaintiffs would have been responsible for if the offer of settlement had been accepted and the amount paid by the plaintiffs in satisfaction of the judgments.

*Frank E. Johnson* [*Meier Steinbrink* with him on the brief], for the appellants.

*Frank C. Laughlin* [*Stewart W. Bowers* with him on the brief], for the respondent.

YOUNG, J.:

The policy before us is an insurance contract provided for and regulated and governed by the Insurance Law. By it the company agrees to indemnify the assured from liability imposed by law, for damages on account of bodily injuries caused by the automobile vehicles owned or operated by the assured and therein described. Indemnity for such damage is the controlling purpose of the contract between the parties. Every other restriction and limitation is merely incidental thereto and must be read in the light of that purpose, and must be construed in accordance with the true nature of the contract. Any interpretation which results in the destruction of its character as an insurance contract should be rejected.

Keeping this purpose in view, we have briefly a contract of insurance to indemnify the assured against liability for damages from injuries caused by the automobile in question, limited in extent to $5,000, coupled with the further obligation to investigate claims and defend suits, unless the company elects to settle the same, and disclaiming all liability for any settlement made by the assured and not authorized by it.

Now, what is the purpose of these various restrictions and limitations? The reason for the restriction of the amount of liability is of course plain, and needs no further consideration. The company then agrees as a part of the insurance contract that it will at its own cost investigate all accidents and defend all suits of which it is given the required notice, unless it shall elect to settle the claim or suit. The reason for this provision is plainly that it may control the situation and prevent the recovery of collusive claims and judgments which might result in a greater liability than the facts warranted. Clearly this is a mere incident of the main contract for the company's benefit and cannot, therefore, change a contract to insure to one merely to defend.

The provisions permitting the company's election to settle and prohibiting settlements by the assured, unless authorized by the company, are likewise incidental benefits to it in order to prevent collusive settlements between the assured and the injured party.

Viewing these incidental limitations, restrictions and provisions of the contract in the light of their real purpose and the apparent reason for their presence in the contract, it seems to me apparent that they are not to be treated and construed as though they constituted the entire contract, because if so construed, they destroy the contract as one of insurance.

As these provisions are inserted in the policy for the company's benefit and protection against unjust and collusive claims, they

are to be used for that purpose and not to coerce the assured into an agreement to release the company from a part of its liability. In other words, while they give the company the right to exercise its judgment and discretion as to when and in what manner a claim shall be settled, its determination must be the result of such judgment deliberately exercised in good faith to effect the purpose of the insurance contract in the interests of the assured as well as of itself, and not an arbitrary determination to reject a settlement advantageous to the assured unless it is relieved of a portion of its liability. Such an arbitrary determination in no way effectuates the purpose of the policy. On the contrary, it is a mere attempt by the company to escape partial liability thereunder. (*Brunswick Realty Co.* v. *Frankfort Ins. Co.,* 99 Misc. Rep. 639; *New York Consolidated R. R. Co.* v. *Massachusetts Bonding & Ins. Co.,* 193 App. Div. 438; *Brassil* v. *Maryland Casualty Co.,* 210 N. Y. 235; *Wisconsin Zinc Co.* v. *Fidelity & D. Co.,* 162 Wis. 39.)

The complaint specifically alleges that the defendant insurance company knew of the seriousness of the injury and had advised the plaintiffs that the offer of settlement for $6,500 was a good one and ought to be accepted, and further wrote the assured that the injuries were very severe and that the action should be settled if possible, and expressed the opinion that it could not be settled anywhere near the amount of the insurance carried by the company, yet when the advantageous offer was presented to the company and the plaintiffs offered to pay the amount required above the insurance, the company refused to pay the amount covered by its policy and attempted to coerce the assured into paying part of it, and so settlement was prevented.

Assuming, as we must, the truth of the facts alleged in the complaint, it seems to me that a cause of action is stated. In my opinion this was a clear violation of the defendant's implied obligation of good faith and fair dealing.

It is urged that under the authority of *McAleenan* v. *Massachusetts Bonding & Ins. Co.* (179 App. Div. 34) it is immaterial whether defendant granted or withheld its consent to a settlement or whether it acted in good or bad faith because plaintiffs had a right to protect themselves with respect to their liability in excess of the amount of the policy. In that case, however, the plaintiff in the negligence action offered to accept from the assured $3,750 in full settlement and satisfaction of any damage that might be recovered in excess of $5,000 (that being the amount of the policy), and further agreed that the trial should be continued, and in case a verdict were rendered in excess of $5,000 the same might be reduced to that sum in consideration of such payment of $3,750,

and it appeared that this proposition was presented to the insurance company and it declined to permit such settlement.

It is apparent that no such situation as this exists in the present case. No such offer was made.

I think the judgment and order appealed from should be reversed upon the law, with costs, and the motion for judgment denied.

KELLY, P. J., and RICH, J., concur; JAYCOX and KELBY, JJ., dissent, and vote to affirm, on the opinion of KAPPER, J., at Special Term. [119 Misc. Rep. 812.]

Judgment and order dismissing the complaint reversed upon the law, with costs. Motion for judgment denied.