## Green, to use, v. Shils

*Samuel J. Halpren,* for petitioner; *Herman Toll,* contra.

LEWIS, J., October 13, 1932.—This rule to show cause why the appearance of Joseph J. Fischer, Esq., for the defendant, should not be withdrawn raises several interesting legal questions.

It is alleged that the Camden Fire Insurance Association issued a public liability insurance policy insuring the defendant, Ada Shils, against loss arising from certain claims. The policy of insurance was neither produced for the inspection of the court, nor was it offered in evidence in the depositions taken by the parties. The court is accordingly unable to state the exact scope and extent of the insurer's liability thereunder to the defendant. Meager references to certain clauses of the instrument, however, do appear in the depositions.

A collision occurred between the automobile of the plaintiff and that of the defendant on October 17, 1931, and suit was instituted. The summons and statement of claim served upon the defendant were forwarded to the Camden Fire Insurance Association, which instructed Joseph J. Fischer, Esq., a member of

the Philadelphia Bar, to enter an appearance for the defendant and to prepare and present a defense.

On March 24, 1932, Mr. Fischer entered his appearance for the defendant.

The pending rule to show cause why his appearance should not be withdrawn was filed on June 14, 1932; the ground for such withdrawal being the alleged refusal by the defendant to assist in asserting a valid defense to the claim of plaintiff.

The defendant resists this application on the ground that she is under no obligation to yield to the request of the insurer to file an affidavit of defense disclaiming liability and to frame what she alleges is a sham defense to be asserted in her name. She alleges that she will not verify an answer which she does not believe to be true. Her counsel insists that the Camden Fire Insurance Association is in duty bound to exercise care to protect her interest and, because of the provisions in the policy giving the indemnity company absolute and complete control of the litigation, counsel who entered his appearance for her must remain in the case and defend the action.

Ordinarily, an attorney who has been employed to conduct legal proceedings enters into a contract to conduct them to their termination, and he cannot abandon the service to his client's detriment: Heller *v.* Waller, 2 Luzerne Leg. Reg. 334. "Where an attorney has appeared in an action his relation to his client can only be terminated by his withdrawal of record by leave of court. Usually he has a right to withdraw with his client's consent; but without such consent, withdrawal will only be permitted for justifiable cause. The withdrawal of an attorney's appearance is justified only when the cause therefor is substantial . . . or where he learns that his client's claim is fictitious, or that continuing in the employment would oblige him to represent conflicting interests:" 1 Thornton on Attorneys at Law 242.

The alleged failure on the part of the defendant to coöperate was gone into in the depositions which were taken on the pending rule. It is quite evident that there exists a conflict in the evidence. We are of the opinion that to determine whether the insurer has wrongfully refused to defend the insured as provided by the policy, and whether there is a breach of contract on the part of the insurer, would be premature. We think that the question of the refusal of the insurer to defend is not properly before us in this proceeding; it should be determined in a proceeding where all the facts and circumstances can be fully and properly developed, particularly in the light of the provisions of the policy of insurance.

We cannot, in these proceedings, undertake to determine whether the defendant's alleged breach of the coöperation clause may be excused. It may develop as a result of an investigation of the facts that the failure of the defendant, if there was a failure, was due to mistake, or that she exercised good faith in failing to yield to what she now contends to be a demand on the part of the insurer "which would expect her to verify an affidavit of defense which she does not believe to be true," and which facts would undoubtedly constitute a breach of law as well as morals: Conroy *v.* Commercial Casualty Ins. Co., 292 Pa. 219.

The purpose of inserting stipulations in indemnity policies similar to the one here involved, which prohibit the insured from voluntarily assuming any alleged defense, settling any claims, incurring any expense or interfering with any legal proceedings or negotiations for settlement unless with the consent of the insurer, is obviously "for the protection of the insurance company by placing it beyond the power of the assured to conduct the litigation, or make a settlement, whereby the interest of the insurance company would be sacrificed:" St. Joseph Transfer and Storage Co. *v.* Employers Indemnity Corp., 224 Mo. App. 221, 23

S. W. (2d) 215; Auerbach *v*. Maryland Cas. Co., 205 App. Div. 131, 199 N. Y. Supp. 351.

The duty assumed by the insurer was for its own protection and benefit, and not for the defendant. By entering into the agreement, the insurer did not become the defendant's agent in respect to the defense or settlement of the suit; it stood in the position of independent contractor.

The defendant had no authority in the first instance to procure counsel for the defense in this case. The defendant did not select Mr. Fischer and had no authority or control over him. The insurer had the exclusive control of the case, which carried with it the right to employ whomsoever it chose as attorney and to direct him in the management of the case as it saw fit: Attleboro Mfg. Co. *v*. Frankfort Marine, Accident & Plate Glass Ins. Co., 240 Fed. 573.

It is unquestioned that Mr. Fischer cannot properly act, in view of the adverse interests which have been developed in this case. For him to continue as counsel of record for the defendant would subject him to the representation of conflicting interests. The rights of the defendant under the liability policy in respect of any negligence or bad faith on the part of the Camden Fire Insurance Association in defending or failing to defend the present action for damages ought to be worked out in an independent action against the indemnitor. See note, 17 Neg. & Comp. Cas. Anno. 1068.

And now, October 13, 1932, rule absolute, without prejudice, however, to the rights, if any, of the defendant against the Camden Fire Insurance Association for alleged breach of contract of indemnity.