DANIEL S. BRASSIL, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.

Insurance (liability) — failure of insurer to appeal from judgment against insured in action for injuries to employee — when insured who prosecuted such appeal and succeeded may recover expenses thereof although in excess of amount of policy.

Defendant insured plaintiff for $1,500 against loss from common-law or statutory liability for damages on account of bodily injuries to any one of his employees. Two actions were brought against plaintiff, one for damages sustained by the injured employee, and the other for loss of service sustained by the father. · Plaintiffs in those actions made overtures for settlement of both for $1,500. Plaintiff, being willing to settle upon that basis, communicated the fact to defendant. Under the terms of its policy defendant declined plaintiff's proposition and elected to defend at its own cost through its own counsel. Judgments were recovered against plaintiff for upwards of $6,000. Defendant refused to appeal, but offered $1,500 to plaintiff on condition that the judgments should be first satisfied. Then plaintiff took an appeal which resulted in a reversal of the judgments and a dismissal of the complaints. This action is to recover what plaintiff expended in prosecuting the appeals. *Held*, that the case is not one in which the rights of the plaintiff or the obligations of the defendant are to be looked for in the letter of the contract of insurance; that the defendant's failure to appeal from the judgments against the plaintiff was in effect a breach of its contract, and that in the circumstances defendant is liable for failure to carry out in good faith the stipulations of its written contract.

*Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815, affirmed.

(Argued January 13, 1914; decided February 24, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 4, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

In June, 1899, the defendant, a casualty insurance company, issued to the plaintiff its policy of insurance whereby it agreed, in consideration of the stipulated premium, to indemnify the plaintiff " against loss from

common law or statutory liability for damages on account of bodily injuries " suffered by any of his employees. The limit of its liability for an accident to any one employee was fixed at $1,500. During the term of the policy, one of the plaintiff's employees, a young man named Loughlin, under the age of twenty-one, was injured. He and his father commenced actions against the plaintiff to recover damages on account of the accident. While these actions were pending, the plaintiff received an offer from the attorneys for the Loughlins stating that they would settle the actions for $1,500. This the plaintiff communicated to the defendant, and requested and urged its permission to settle upon that basis. The defendant refused the request upon the ground that the sum named was excessive. It elected to defend the actions, as it had the right to do under the provisions of the policy, and the actions proceeded to trial, the defendant taking control of the defense thereof. They resulted in judgments against the plaintiff here aggregating over $6,000.

After all this had transpired, and the plaintiff had been thus mulcted in damages exceeding by $4,500 the amount for which he was insured, the defendant wrote to the plaintiff stating that it did not consider an appeal would be advantageous, that it would not prosecute an appeal, but " holds itself ready to comply with the terms of its contract with you in case you should satisfy the judgment rendered against you." It further signified its willingness to permit the plaintiff to substitute his own attorney to prosecute an appeal. To this letter the plaintiff replied, in substance, that inasmuch as the defendant had refused the offer to compromise the Loughlin suits for $1,500, and through its conduct had inflicted a much greater liability upon him, he would hold the defendant liable for the full amount.

Thereafter the plaintiff, through his own attorney, appealed from the main Loughlin judgment to the Appel-

late Division of the Supreme Court, where it was unanimously affirmed. He procured leave to appeal to this court, and here the judgment was reversed for errors committed upon the trial and a new trial was ordered. (*Loughlin* v. *Brassil*, 187 N. Y. 128.) No new trial was had, however, and the Loughlin actions were subsequently dismissed for want of prosecution.

This action was then commenced to recover from the defendant the expense to which the plaintiff had been subjected in prosecuting the appeal from the Loughlin judgment, including his attorney's fees amounting, as claimed by the plaintiff, to $2,611. He recovered a judgment of $2,211. On appeal by the defendant from that judgment to the Appellate Division there was an affirmance. The defendant has now appealed to this court.

The policy first insured the plaintiff " against loss from common law or statutory liability for damages " to his employees. It then contained certain clauses called " special agreements," among which was a limitation of $1,500 for any accident to an employee. The other " special agreements " have no bearing upon this controversy. Attached to the policy and printed on the reverse side thereof were a number of so-called " conditions precedent." Among these conditions were the following:

" 2. If * * * any suit is brought against the Assured to enforce a claim for damages on account of an accident covered by this policy, immediate notice thereof shall be given to the Company, and the Company will defend against such proceeding, in the name and on behalf of the Assured, or settle the same at its own cost, unless it shall elect to pay the Assured the indemnity provided for.

" 3. The Assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiation or settlement or in any legal proceeding with-

out the consent of the Company previously obtained in writing. * * *

" 8. No action shall lie against the Company as respects any loss under this Policy unless it shall be brought by the Assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the Assured for damages unless at the expiry of such period there is such an action pending against the Assured, in which case an action may be brought against the Company by the Assured within thirty days after final judgment has been rendered and satisfied as above. In no case except that of minors shall any action lie against the Company after the expiration of six years from the date of the given injuries or death. The Company does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy."

*James J. Mahoney* and *George I. Woolley* for appellant. It is settled in this state that, under a policy such as the one sued on in this action, it is optional with the company, whether on the one hand it will undertake the defense of an action for damages against assured brought by an employee claiming to have been accidentally injured under the circumstances specified in the indemnity clause of the policy, or settle such action, or pay the indemnity to the assured, or whether, on the other hand, it will wholly ignore the action; and, if it takes the latter course, it will not be liable to reimburse the assured for the expenses incurred by him in a successful defense of the action. (*Cornell* v. *Travelers' Insurance Co.,* 175 N. Y. 239; *Nesson* v. *U. S. Casualty Co.,* 201 Mass. 71; *H. L. & P. Co.* v. *Maryland Casualty Co.,* 69 S. E. Rep. 234.) The defendant company in the case at bar cannot be held for the expense of the appeals because of

having defended, or participated in the defense of, the action against assured in the trial court. (*Matter of Garver*, 176 N. Y. 386; *Dunn* v. *U. A. Paving Co.*, 175 N. Y. 214; *Creem* v. *Fidelity & Casualty Co.*, 206 N. Y. 733; *Mills* v. *Parkhurst*, 126 N. Y. 89; *Henry* v. *Herrington*, 193 N. Y. 218; *Organ* v. *Stewart*, 60 N. Y. 413; *Andrews* v. *Ætna L. Ins. Co.*, 92 N. Y. 596; *Precht* v. *Howard*, 187 N. Y. 136; *Lawrence* v. *G. A. Assur. Corp.*, 124 App. Div. 545; 192 N. Y. 568; *Draper* v. *O. C. Fire Relief Assn.*, 190 N. Y. 12.) Assuming that the company was bound, either by the policy, or by entering upon the defense, to "defend" the actions brought against assured, it by no means follows that it was bound to prosecute appeals from adverse judgments. (*Kalmanowitz* v. *Kalmanowitz*, 108 App. Div. 296; *Davis* v. *Soloman*, 25 Misc. Rep. 695; *Egan* v. *Rooney*, 38 How. Pr. 121.)

*Thomas F. Magner* for respondent. The defendant company having made their election to defend Brassil were required to defend him to the end and violated the covenant in their policy in that respect when they threw him over after the judgment had been obtained against him at Trial Term. (*Kilpatrick* v. *G. L. Ins. Co.*, 183 N. Y. 163.)

WERNER, J. The action is novel. The question is whether an "insured" under a contract of indemnity for common-law or statutory liability to employees, can recover of the "insurer" his reasonable expenses in the prosecution of appeals which the insurer has refused to take, after the insured has been cast in judgment in the court of first instance. The mere statement of the question indicates that the answer must depend upon the circumstances. What were the circumstances in the case at bar? The amount for which the plaintiff was insured in the case of accident to any one employee was

$1,500. Before the trials of the two actions brought against this plaintiff, the plaintiffs therein offered to settle them for $1,500. This offer was communicated to the defendant in this action, the insurance company, which declined to entertain it, although the plaintiff requested and urged that it be accepted. The situation at that time was that the defendant under its contract of indemnity had the right to exercise either of three options. 1. To pay the plaintiff, as insured, the sum of $1,500 and leave him to settle or litigate the suits brought against him. 2. To settle the suits on such terms as it could exact. 3. To defend the suits at its own cost through its own counsel. It decided upon the latter course, and this necessarily implies such a degree of examination into the merits as to indicate that in the judgment of its counsel there was good ground for a defense. From that moment the plaintiff was no longer a free agent. By the express provisions of his contract he was denied the right to settle on his own account or to assume charge of the litigation. In these circumstances the cases proceeded to trial and judgments were rendered against him for upwards of $6,000. One would naturally suppose that, in view of the defendant's previously declared determination to defend those actions, there would have been the prompt appeals usual in such cases. But it was not so here. The defendant, having succeeded in getting the plaintiff mulcted in damages largely exceeding the indemnity to which he was entitled under his policy, graciously announced that it "holds itself ready to comply with the terms" of the contract in case the defendant should satisfy the judgments which had been recovered against him. The plaintiff was naturally indignant and retorted that he would prosecute the appeals on his own account and hold the defendant responsible for the cost.

The mere statement of this unique situation indicates that the true measure of the rights of the plaintiff on the one hand and of the obligations of the defendant on the

other is not to be found in the letter of the contract of insurance. That contract, by its very terms, was designed to exclude any such liability. But there is a contractual obligation of universal force which underlies all written agreements. It is the obligation of good faith in carrying out what is written. The defendant's failure to observe this requirement of the contract in suit is the thing upon which its liability may safely be predicated. Its failure to continue the defense of these cases was in effect a breach of its contract. We do not go so far as to hold that a contract to "defend" a suit necessarily raises an obligation to prosecute an appeal. That is not the question with which we are now concerned. The fact is that the defendant had decided that the actions against the plaintiff should be defended, and its position was that the amount for which the plaintiff proposed to settle was excessive. This was followed by a verdict four times as large as the offer of settlement. But that is not all. The plaintiff was not even then given the privilege of settling the cases upon such terms as he could make. He was offered his so-called indemnity of $1,500, but upon the condition that he should first satisfy the judgments. An acceptance of this offer would have destroyed his right to appeal and left him absolutely liable on judgments largely in excess of the amount he could have recovered from the defendant. Having thus effectually tied the plaintiff hand and foot, the defendant left him to continue the fight as best he could. Even this conduct might stand the test of legal principles, if not of good morals, had there not in fact been a good ground of appeal. That there was a legal defense to the actions is attested by the report of the appeal taken by the plaintiff (*Loughlin* v. *Brassil*, 187 N. Y. 128), from which it appears that the judgment in favor of the Loughlins against the plaintiff was reversed.

In the light of these conditions it is idle to look to the letter of the insurance contract for the measure of the

16

defendant's liability, and the fact that there are no precedents for such an action as this, is a very impressive indication of the unusual and inequitable attitude of the defendant. Without attempting to further characterize the defendant's position, it is enough to say that it would be a reproach to the law if there were no remedy for so obvious a wrong as was inflicted upon this plaintiff. His rights, as we have said, go deeper than the mere surface of the contract written for him by the defendant. Its stipulations imposed obligations based upon those principles of fair dealing which enter into every contract. Even the defendant has invoked this implied obligation of good faith and fair dealing not expressed in the terms of its written contract, for by its answer it has set forth that it was incumbent upon the plaintiff to "deal fairly and in good faith * * * and that he should not voluntarily or knowingly do any acts which would impose or tend to impose on him or on this defendant a loss in the premises." If this was the plaintiff's duty, it was not less the correlative obligation of the defendant to "deal fairly and in good faith" with him. The circumstances of this case are peculiar. We do not go beyond them in making our decision.

The judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE and COLLIN, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.