BRUNSWICK REALTY Co., Plaintiff, *v.* FRANKFORT IN-
SURANCE Co., Defendant.

(Supreme Court, New York Special Term, April, 1917.)

Insurance (indemnity)— contracts of — contents of policy of — actions
— pleading — judgments — negligence — when motion for judgment
on the pleadings denied.

  Though a contract of indemnity insurance confers upon the
  insurer the exclusive power to control the defense of an action
  brought against the insured for personal injuries, there is an
  implied obligation on the part of the insurer to exercise good
  faith and fair dealing with the insured to fulfill the contract.

  Defendant issued its policy of insurance whereby it agreed
  to indemnify plaintiff against any loss or expense not exceed-
  ing a certain amount arising from any claims upon plaintiff
  for damages on account of personal injuries suffered by any
  one as a result of accident during a certain definite period.
  The policy contained the usual clauses forbidding the insured
  without defendant's consent to settle or adjust any claim
  asserted against it, or to interfere in any manner with defend-
  ant's defense of an action brought upon such claim.   The
  complaint, in an action by the insured against the insurer for
  its refusal to consent to the settlement and adjustment of a
  claim for which an action was brought against the insured by
  one who had sustained serious injuries on property owned by
  the insured, in which action judgment was recovered against
  plaintiff herein, which it paid, considered, and held sufficient,
  and a motion by defendant for judgment on the pleadings will
  be denied as, against a demurrer, the allegations of fact were
  sufficient upon which to predicate the bad faith of defendant.

MOTION for judgment upon the pleadings.

John J. Vanse, for plaintiff

Wm. A. Jones, Jr., for defendant.

GREENBAUM, J.  Defendant moves for judgment
upon the pleadings upon the ground that the com-

plaint is insufficient upon its face. The gravaman of the complaint is that the defendant refused to consent to settle and adjust a claim, in violation of its implied obligation to exercise good faith and fair dealing with the plaintiff under its contract or policy to indemnify the latter against any loss or expense which it might sustain on account of personal injury to any person during the period fixed in the policy. The complaint alleges in detail the terms of a contract or policy of insurance issued by defendant, whereby it agreed to indemnify the plaintiff against any loss or expense, not exceeding $5,000, arising from any claims upon plaintiff for damages on account of bodily injuries suffered by any person as a result of accident during a certain definite period; that one Krugler brought an action against plaintiff for injuries claiming $25,000 damages; that defendant undertook the defense of this action pursuant to the provisions of the policy; that prior to the trial of the action an offer to settle Krugler's claim for the sum of $5,000 or less was refused by defendant, although plaintiff requested and demanded the acceptance thereof; that defendant refused to permit plaintiff to pay said sum of $5,000 or less to said Krugler; that defendant was fully apprised before the making of the offer of compromise that " Krugler sustained serious injuries upon the property owned by the plaintiff * * * and the said Krugler had become permanently lame and disabled, as set forth in his complaint in said action * * * and that plaintiff had no defense to said Krugler's action and had no witnesses which it or defendant could call upon that trial * * * and that judgment would be obtained against the plaintiff and that said judgment would be in excess of the amount of insurance mentioned in and covered by said policy of insurance and in excess of the amount for

which said Krugler and his attorney had so offered defendant to settle, compromise and adjust the said action and claim against this plaintiff; * * * that it (the defendant) would accept said offer of settlement and settle and adjust said action and claim with said Krugler if the plaintiff would pay one-half of the settlement, viz., two thousand five hundred dollars ($2,500); that said defendant improperly and in bad faith refused to make said settlement * * * and refused to allow this plaintiff to settle, compromise and adjust said Krugler's claim, and even refused the offer of this plaintiff then made to this defendant to pay one thousand dollars ($1,000) toward the said settlement;" that the defendant " with the knowledge aforesaid and without good cause insisted on a trial," which resulted in a verdict in favor of plaintiff for $8,000.  It is also alleged that the defendant refused to prosecute an appeal from the judgment entered upon the verdict upon the alleged ground " that there were no good legal grounds to prosecute the appeal." The complaint further alleges the payment of the judgment and the loss thereof sustained by the plaintiff in the sum of $3,000, for which judgment is demanded.  It also appears from the complaint that the policy or contract of insurance contains the usual clauses forbidding the plaintiff, without defendant's consent, to settle or adjust any claim asserted against it, or to interfere in any manner with defendant's defense of any action brought upon such claim.  It seems to be fairly well recognized by the courts of this state and of other jurisdictions that, notwithstanding a policy of indemnity like the one under consideration confers upon the insurer the exclusive power to control the defense of the action brought against the insured, there nevertheless " is a contractual obligation of universal force which under-

lies all written agreements. It is the obligation of good faith in carrying out what is written.'' *Brassil* v. *Maryland Casualty Co.,* 210 N. Y. 241. In the case just cited it was said that: ''The defendant's failure to observe this requirement of the contract in suit is the thing upon which its liability may safely be predicated.'' In *Wisconsin Zinc Company* v. *Fidelity & Deposit Company,* 162 Wis. 39, the court significantly says: '' The power of settlement given the insurer cannot be used for the purpose of fraud or oppression, and the courts, in so far as they have passed upon the question, hold that the power conferred must not be exercised in bad faith  *  *  *  While the defendant has the right to consult what it deemed to be its own interest in making a settlement, it could not abuse the power vested in it and recklessly and contumaciously refuse to settle if it was apparent that in all reasonable probability its conduct must not only result in damage to the plaintiff, but also in loss to itself. Neither could it exercise the right conferred for the purpose of perpetrating a fraud on the plaintiff.'' *McAleenan* v. *Massachusetts Bonding & Insurance Company,* 173 App. Div. 100; affd., 219 N. Y. 563, recognizes the salutary rule that '' the insurer, having elected and undertaken to defend the action brought against the insured, had no right when it saw fit to do so to abandon the defense. It was obligated to take into consideration the interest which the insurer had, and especially so after judgment had been rendered which subjected him to a large liability.'' See, also *Schencke Piano Co.* v. *Philadelphia Casualty Co.,* 216 N. Y. 662, 663. The only remaining question is whether the complaint merely alleges conclusions of '' bad faith '' or sufficiently alleges facts in support of these conclusions. It would be bad pleading to allege evidence of facts. As against

a demurrer, it seems to me that the complaint abounds in facts upon which the conclusions of bad faith may be predicated. In the case of *Wisconson Zinc Company, supra,* the " paucity of allegations of specific facts tending to show bad faith " was urged against the sufficiency of the complaint, but the court held that " pleadings are now construed on demurrer with exceeding liberality. No motion has been made to make the complaint more definite and certain." The complaint here considered cannot fairly be said to lack " paucity of specific facts." Defendant's motion for judgment is denied, with ten dollars costs.

Motion denied, with costs.