WILLIAM LEVIN, Respondent, *v.* NEW ENGLAND CASUALTY COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October, 1917.)

Insurance (indemnity) — provisions of policy of — negligence — damages — automobiles — actions.

> Where by the terms of a policy, by which defendant agreed to indemnify plaintiff up to a certain fixed amount against accidents occurring in relation to the operation of his automobile,

and in the event of a suit against him to defend the same, defendant is under no duty to settle a claim, and where during the life of the policy the plaintiff, in an action for damages brought by one injured through the operation of his automobile, settles the claim in an amount a part of which defendant refused to pay, it is not liable to plaintiff for the amount which he contributed to the settlement of the claim in excess of that paid by defendant.

Ordway, J., dissents.

APPEAL by defendant from a judgment of the City Court of the city of New York entered upon a verdict directed by the court.

Menkel & Hinckley (Anthony M. Menkel and Edmund L. Cocks, Jr., of counsel), for appellant.

Morris & Samuel Meyers (Samuel Meyers and Morse Sable Hirsch, of counsel), for respondent.

PHILBIN, J.   The plaintiff sued to recover the sum of $750, which he contributed to the settlement of a claim against him and which he asserts should have been wholly paid by defendant under its policy.   The defendant offered no proof on the trial and the court directed a verdict in favor of the plaintiff.

The plaintiff was insured by the defendant against accidents occurring in relation to the operation of plaintiff's automobile.  During the life of the policy, a person was injured through the operation of the automobile and later brought suit against this plaintiff for $10,000, which was subsequently increased to $25,000.  The defendant's liability to this plaintiff was limited to $5,000 under the terms of the policy. The defendant began negotiations for the settlement of said suit, which dragged along till the eve of trial, when the plaintiff, being informed of the negotiations, consulted his own attorneys at the suggestion of the

attorneys for the defendant. The claimant finally agreed to accept $3,150 in full settlement of his claim. The defendant refused to pay more than $2,400 and took the position that if plaintiff wanted to so dispose of the case against him he would have to pay the balance necessary to make up the $3,150.

The plaintiff paid such balance and now demands reimbursement from the defendant on the ground that the latter had agreed under its policy to pay any loss that plaintiff might sustain not exceeding $5,000. He also claims, in substance, that he was coerced into paying the $750 because of defendant's refusal and the belief that if the accident case went to trial a recovery would be had for a substantial sum exceeding the amount for which the defendant agreed to indemnify him. There is no question that the defendant was prepared to defend the suit and to fulfill the obligations of its policy, except in so far as plaintiff claims its refusal to pay a larger sum in settlement was a violation of its duty. The defendant was under no duty to settle the claim. The policy gave it the option of contesting it, if it saw fit to do so. It had the right to await the decision of the court as to the claimant's demand, or to pay such sum in settlement as it saw fit. The plaintiff apparently believed that it was to his interest to settle rather than face the uncertainty of a trial and a possible verdict against him, part of which he might have to pay. I think the defendant was acting strictly within its rights and in observance of the contract of insurance and that the plaintiff failed to make out a case of coercion or violation of the policy. Judgment reversed, with costs, and complaint dismissed, with costs.

BIJUR, J. (concurring). I concur with the views expressed by Mr. Justice Philbin. I cannot find in

the policy of insurance any obligation, express or implied, on the part of the defendant to settle outside of court a claim made against the plaintiff nor to pay any particular proportion of such a settlement. Indeed, in the last analysis it is rather difficult to understand how such an obligation could be imposed without a very definite and detailed understanding in advance. The obligation of the defendant is, in substance, to indemnify the plaintiff up to a certain fixed amount and, in the event of suit brought, to defend that suit. If one or the other party to the contract deems it advisable to settle the claim either before or during the course of litigation, that is a matter for further convention between them. Moreover, we must not lose sight of the fact that a mere willingness, or even desire, to settle, can not be concretely considered apart from the question of the amount to be paid by the respective parties.. There are few litigations which would not be settled were it not for the question of amounts. It follows, therefore, that in the instant case the assumption that defendant acted in bad faith is based rather on the conviction that its conduct was not nice or was impolitic rather than upon any breach on its part of an obligation, express or implied, undertaken by it toward the plaintiff.

While it is true that in *Brassil* v. *Maryland Co.*, 210 N. Y. 235, reference is made to " the obligation of good faith in carrying out what is written," it is plain that the decision is based upon the motion that the defendant violated a term which, under the circumstances, the court thought should be implied in the agreement. Indeed, in referring to the *Brassil* case in a subsequent decision (*Mason-Henry Press* v. *Ætna Life Ins. Co.*, 211 N. Y. 489, 498), Hiscock, J., says : " The case is entirely unlike *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235. There the insuring com-

pany pursued a course which we regarded *as in viola-
tion of its contract* and as most unfair toward the
insured." The peculiar character of the circumstances
in the *Brassil* case is exemplified by the description of
them by Mr. Justice Werner in the opinion at page
241, where he says: " Having thus effectually tied the
plaintiff hand and foot, the defendant left him to con-
tinue the fight as best he could." In the instant case
no such situation, nor anything similar, is disclosed.
Plaintiff's complaint, translated into plain business
terms, amounts to this: that the defendant, in esti-
mating all the chances of the litigation, concluded that
it would be a fair settlement of the claim to give the
claimant $3,150, provided it should be called upon to
pay only $2,400 of this amount, and the plaintiff the
remaining $750 in adjustment of their respective
potential liabilities. I know of no reason why the
defendant was not perfectly free to take this view in
the absence of either statutory or contractual
inhibition.

While the plaintiff claims that he was under duress,
it is evident that he was under none. The defendant
neither threatened nor suggested that it would with-
draw in anywise from its contractual obligation to
defend the suit to the utmost of its ability and in the
utmost good faith. Having made a bargain in perfect
freedom plaintiff seeks to withdraw from it and place
the entire burden on the defendant, although from the
very nature of the case, from the amount of the entire
claim as put forward and from the terms of the con-
tract between plaintiff and defendant it was poten-
tially liable for only a part.

Neither *Brunswick Realty Co.* v. *Frankfort Ins. Co.*,
99 Misc. Rep. 639, nor *Wisconsin Zinc Co.* v. *Fidelity
& Deposit Co.*, 162 Wis. 39, seems to me to have any
material application to the instant case. In the first

place, both of these cases arose purely on a question of pleading, and as is said in the Wisconsin case at page 53: " ' pleadings are now construed on demurrer with exceeding liberality.' " In both cases the sufficiency of the complaint was challenged on demurrer. In both, therefore, plaintiff was accorded the maximum weight which his allegations might bear. In both cases the plaintiff appeared as the one desirous of settling the case, and, since by the terms of the contract he was forbidden to make such settlement without the consent of the defendant, some form of reasonable co-operation on the part of the defendant toward a settlement might be implied, at least sufficient to warrant the requirement that the company should in that respect act in good faith.

In view of these considerations and the vigor of the allegations in the complaint in both cases, we can understand how the demurrers thereto might be overruled without establishing any such principle as that appealed to by the plaintiff in the instant case. Referring to these allegations, the court, in the Wisconsin case, at page 54, said: " While the defendant has the right to consult what it deemed to be its own interest in making a settlement, it could not abuse the power vested in it and *recklessly and contumaciously refuse to settle if it was apparent that in all reasonable probability its conduct must not only result in damage to the plaintiff, but also in loss to itself.* Neither could it exercise the right conferred *for the purpose of perpetrating a fraud on the plaintiff.*" Although the Supreme Court of Wisconsin sustained the cause of action referred to, the discussion of the two other causes of action in the same complaint, substantially for the same relief, indicates its grave doubt whether any cause of action could in fact be proved. In the instant case, the proofs have been

Appellate Term, First Department, October, 1917.   [Vol. 101.

submitted, and to my mind they fall entirely short of establishing any cause of action. The judgment should, therefore, be reversed and the complaint dismissed, with costs.

Ordway, J. (dissenting). I dissent. The defendant insists upon the strict letter of the contract in order to defeat its spirit and intent. Its conduct placed the plaintiff in a position where he was virtually compelled to pay part of the loss which he was insured against, and which he had the right to expect that the defendant would bear. This was neither fair nor just, nor in accordance with the intent of the parties. As was said by the Court of Appeals in a somewhat similar case (*Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235, 240–241), where the defendant also relied upon the strict letter of the contract: " The mere statement of this unique situation indicates that the true measure of the rights of the plaintiff on the one hand and of the obligations of the defendant on the other is not to be found in the letter of the contract of insurance. That contract, by its very terms, was designed to exclude any such liability. But there is a contractual obligation of universal force which underlies all written agreements. It is the obligation of good faith in carrying out what is written. The defendant's failure to observe this requirement of the contract in suit is the thing upon which its liability may safely be predicated."

In that case the court went on to say, at pages 241, 242: " In the light of these conditions, it is idle to look to the letter of the insurance contract for the measure of the defendant's liability, and the fact that there are no precedents for such an action as this, is a very impressive indication of the unusual and inequitable attitude of the defendant. Without attempting to fur-

ther characterize the defendant's position, it is enough to say that it would be a reproach to the law if there were no remedy for so obvious a wrong as was inflicted upon this plaintiff. His rights, as we have said, go deeper than the mere surface of the contract written for him by the defendant. Its stipulations imposed obligations based upon those principles of fair dealing which enter into every contract.''

Undoubtedly the defendant had the right either to defend the suit against this plaintiff or to settle it at its option, but since it had by its contract deprived the plaintiff of any right to himself either defend the suit or settle it, or to interfere with the matter in any way, it was bound to use the utmost good faith towards him in handling the matter. Instead of doing so, it practically used its legal rights and powers as a club to compel the plaintiff to pay a portion of the loss against which it had indemnified him. By not denying the testimony of the plaintiff and his witnesses, it concedes that it represented to him that he was practically certain to lose the case against him, and that it was practically sure that there would be a very large verdict against him, much in excess of five thousand dollars, of which he would personally have to bear the excess over that amount, which was the limit of the policy of insurance, and that the proposed settlement for $3,150 was a reasonable and wise settlement, and a settlement which ought to be made; at the same time it informed him that no matter for what amount a settlement could be made it would refuse to make it or agree to it unless the plaintiff would contribute one-third of the amount of the settlement, and threatened to try the case although the result would almost certainly be a loss both to it and to the plaintiff unless he would contribute to the settlement; in other words, it threatened to subject both plaintiff and itself to almost cer-

tain additional loss unless plaintiff would pay part of the amount of the settlement. The plaintiff desired and requested that the settlement should be made and naturally claimed that the defendant should pay the full amount thereof, it being less than the limit of the insurance, but on the defendant's refusing to make the settlement, unless he would contribute the sum of $750, he paid that amount to the defendant under protest and the settlement was made. In my opinion, this was a clear misuse of the defendant's powers under the contract of insurance; it showed a lack of good faith on defendant's part, and amounted to coercion and a fraud upon the plaintiff which entitles him to recover the amount so paid by him.

The conclusion which I have reached is sustained by the case of *Brunswick Realty Co.* v. *Frankfort Insurance Co.*, 99 Misc. Rep. 639, and *Wisconsin Zinc Co.* v. *Fidelity & Deposit Co.*, 162 Wis. 39. In the latter case, the court said, page 54: " While the defendant has the right to consult what it deemed to be its own interest in making a settlement, it could not abuse the power vested in it and recklessly and contumaciously refuse to settle if it was apparent that in all reasonable probability its conduct must not only result in damage to the plaintiff, but also in loss to itself."

Judgment reversed, with costs.