HENRY G. AUERBACH et al., Respondents, *v.* MARYLAND
CASUALTY COMPANY, Appellant.

**Insurance — policy indemnifying insured against liability
arising from accident — refusal by insurer to pay full amount
of policy in settlement of actions for amounts largely in excess
thereof — recovery of amounts largely in excess of policy —
where complaint in action by insured to recover difference
in amount it was forced to pay and amount it would have
paid had settlement been effected does not state facts sufficient
to constitute cause of action.**

A complaint does not state a cause of action which alleges that
defendant issued its policy indemnifying plaintiffs to the extent of
$5,000 against liability by reason of an accident resulting in injury
or death to any person and providing that defendant would defend
or settle all actions brought against assured to enforce a claim on
account of any such action but would not be responsible for any

unauthorized settlement made by assured; that thereafter actions were brought against plaintiffs for amounts largely exceeding the amount of insurance and that before trial it was ascertained and defendant was advised that said actions could be settled for $6,500; that defendant agreed that the actions should be settled and offered to pay $3,500 if plaintiffs would pay the balance, which they refused to do, insisting that the insurance company pay the full amount of its liability under the policy; that the defendant declined and insisted upon a trial which resulted in verdicts greatly exceeding the amount of the policy, which defendants paid in full, leaving a large balance which plaintiffs were forced to pay, and demanding judgment for the difference between that amount and what it would have paid had the settlement been made. The insurance company, in refusing to settle the actions, did what it had the legal right to do under the terms of the policy and in the absence of allegations of negligence or suppression of facts or fraud or misrepresentation on the part of the insurer. the plaintiffs cannot recover. (*McAleenan* v. *Mass. Bonding & Ins. Co.*, 173 App. Div. 100; affd., 219 N. Y. 563; *Levin* v. *N. E. Casualty Co.*, 101 Misc. Rep. 402; affd., 187 App. Div. 935; affd., 233 N. Y. 681, followed.)

*Auerbach* v. *Maryland Casualty Co.*, 205 App. Div. 131, reversed.

Argued May 29, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 13, 1923, which reversed a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for judgment on the pleadings and denied said motion.

*Frank C. Laughlin* and *Stewart W. Bowers* for appellant. Under the contract, as alleged in the complaint, the defendant was under no duty, expressed or implied, to compromise any claim or to make any payment until after a recovery and entry of judgment; and its only obligation to make any payment was to indemnify the plaintiffs to the extent of its liability under the policy against loss if the amount of such loss became liquidated by law, which necessarily means for a loss arising from

an accident covered by the policy and reduced to judgment against the plaintiffs. (*Paper Co. v. Casualty Co.*, 92 Me. 574; *Kennelly v. London G. & A. Co.*, 184 App. Div. 1; *Levin v. N. E. Casualty Co.*, 101 Misc. Rep. 402; 187 App. Div. 935; 233 N. Y. 631; *McAleenan v. Mass. B. & Ins. Co.*, 173 App. Div. 100; 219 N. Y. 563; *Silverstein v. Standard Acc. Ins. Co.*, 175 App. Div. 639; *Hanna v. Comcl. T. M. A. Assn.*, 204 App. Div. 258; *Drilling v. N. Y. L. Ins. Co.*, 234 N. Y. 234.)

*Meier Steinbrink* and *Frank E. Johnson* for respondents. The policy contract provided protection against three liability situations, one of which arose when the $6,500 proposed settlement was approved by the company. (*Imperial Case*, 169 N. Y. 143; *Light Co. v. Fidelity Co.*, 111 Mich. 148; *Fenton v. Fidelity Co.*, 36 Ore. 283; *Ross Case*, 56 N. J. Eq. 47; *Farrell Case*, 203 App. Div. 118.) Under certain conditions the company would be obliged to contribute the full policy amount to a settlement. It was obliged to exercise good faith and good sense in considering any settlement, and in deciding thereon must consider its duty to, and the interests of, the assured. (*Cornell Case*, 175 N. Y. 255.) The appellant approved the $6,500 in writing and so was obliged to pay its policy limit to effect that settlement. (*Wisconsin Zinc Co. v. Fidelity Co.*, 162 Wis. 39; *Brown v. McCabe*, 232 Fed. Rep. 298; *Davies Case*, 154 Pac. Rep. 1116; *Lewin Case*, 101 Misc. Rep. 402; *N. Y. Cons. Case*, 193 App. Div. 441; *Brassil Case*, 210 N. Y. 235; *McAleenan Case*, 173 App. Div. 100.)

McLAUGHLIN, J.   According to the allegations of the complaint the defendant, on the 10th of December, 1918, issued to the plaintiffs a policy of automobile insurance indemnifying them to the extent of $5,000 against loss by reason of an accident resulting in injuries or death to any one person; that the policy provided, among other

things, if an accident occurred immediate notice of the same should be given to the insurance company, and if an action were brought against the assured to enforce a claim on account of such accident, they would forward to it the summons or other process served; that the company would, at its own cost, investigate all accidents and defend all actions, even if groundless, of which notice were given, unless it elected to settle the claim or action; that it would not be responsible for any settlement made or any expenses incurred by the assured, unless such settlement or expenditures were first specifically authorized in writing, except that the assured might provide, at the time of the accident, at the expense of the company, such immediate surgical relief as was imperative; that thereafter, while the policy was in force, and the plaintiffs were driving or in control of the automobile mentioned therein, it ran into one Jane O'Neill and caused her personal injuries, to recover for which she brought an action for $40,000, damages alleged to have been sustained, and her husband, James O'Neill, also brought an action to recover $10,000 for loss of her services; that the assured complied with the conditions of the policy by giving the company notice of the accident and delivering to it the summons and other papers served for the commencement of the actions; that the company thereupon took charge of the defense of the actions, appeared for and represented the plaintiffs herein (the defendants therein), prepared the actions for trial and assumed entire charge of the defense; that after the actions had been commenced and prior to the trial of the same, these plaintiffs made a full and fair statement to the company of all the circumstances known to them concerning said accident, which facts were verified by its own investigation; and these plaintiffs and this defendant reached the conclusion that the actions ought to be settled; that the injuries sustained by Mrs. O'Neill were much more serious than had at first been thought; that

before the trial of the actions, and after this defendant
had ascertained the facts connected with the accident,
these plaintiffs were informed that a settlement of both
actions could be had for $6,500, and the insurance com-
pany was advised of that fact; that it agreed with these
plaintiffs that the actions should be settled and that the
offer made for that purpose ought to be accepted; that
if such settlement were made it would pay $3,500 if
these plaintiffs would pay the balance, which they refused
to do, insisting that the insurance company should pay
the full amount of its liability under the policy ($5,000)
and they would pay the balance ($1,500); and that the
insurance company declined the proposition and insisted
upon a trial.

The complaint further alleged that both actions were
tried and a verdict rendered in favor of Mrs. O'Neill for
$20,000 and in favor of Mr. O'Neill in the sum of
$500.

The insurance company paid the full amount of its
liability, $5,000, and these plaintiffs, in order to prevent
their property being levied upon under an execution, paid
the balance of the judgments, $15,500, and then instituted
this action to recover $14,000, the difference between what
it had to pay and what it would have paid if the
settlement had been made.

After the service of the complaint the defendant
moved for a judgment dismissing it, upon the ground that
it did not state facts sufficient to constitute a cause of
action. The motion was granted and judgment entered
to that effect, which, on appeal, was reversed by the
Appellate Division and the motion for judgment denied.

The judgment of the Appellate Division must be
reversed and that of the Special Term affirmed. The
complaint does not state a cause of action. The most
that can be said of the facts pleaded, giving the plaintiffs
the most favorable inference to be drawn therefrom, is
that such facts made it " reasonably probable " that

Mrs. O'Neill and her husband would recover more than the sum of $6,500, the amount at which they had agreed to compromise and settle their respective claims.

There are no allegations in the complaint to the effect that the insurance company was negligent either in investigating the facts connected with the accident, or in the defense of the action, not a suggestion that it was guilty of fraud or misrepresentation in any way. A contract of insurance, like other contracts, is to be construed according to the sense and meaning of the terms which the parties have used; and if such terms are clear and unambiguous, they are to be understood in their plain, ordinary and popular sense. (*Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452; *Drilling* v. *New York Life Ins. Co.,* 234 N. Y. 234.) The terms here used are clear and unambiguous. The intent of the parties, if the language used be given a reasonable construction, cannot be misunderstood. There is nothing in the policy by which the insurance company obligated itself to settle, if an opportunity presented itself. It was given the option to settle, if it saw fit to do so, or to try the action, as it preferred. It, however, was under no legal obligation, either express or implied, to compromise or settle the claims prior to the trial. The plaintiffs, when they accepted the policy, did so with full knowledge of the fact, if an action were brought, that they surrendered to the insurance company absolute, full and complete control of it, including the settlement or trial. (*Rumford Falls Paper Co.* v. *Fidelity & Casualty Co.,* 92 Me. 574; *Schmidt* v. *Travelers Ins. Co.,* 244 Penn. St. 286.) They also knew there was no provision in the policy which obligated the insurance company to pay any amount whatever prior to the rendition of a judgment. The policy was one indemnifying them " against loss or liability imposed by law." The loss or liability here provided for contemplated the liquidation of a claim, if one were made, by the rendition of a judgment unless

the insurance company saw fit to exercise the option which it had to settle and compromise without a trial.

It is true the insurance company realized, prior to the trial, that the terms under which a settlement could be had were favorable ones and that the same ought to be accepted. It so advised the plaintiffs in writing. The advice thus given imposed upon it no legal obligation to make the settlement. It knew that its liability was limited to $5,000, and while it offered to pay $3,500 towards a settlement, that did not impose upon it the obligation to pay the full amount of the policy prior to the trial. The probability that judgments much larger than $6,500 would be recovered was as well known to the plaintiffs as to the insurance company. Each of the parties had full knowledge of all the facts. It is not suggested that the plaintiffs were misled by reason of the suppression of any of the facts by the insurance company or any fraud practiced upon them by it.

The case in principle cannot be distinguished from *McAleenan* v. *Massachusetts Bonding & Insurance Co.* (173 App. Div. 100; affd., 219 N. Y. 563); *Levin* v. *New England Casualty Co.* (101 Misc. Rep. 402; affd., 187 App. Div. 935, which, in turn, was affirmed by this court, 233 N. Y. 631).

The insurance company, in refusing to settle the actions, did what it had the legal right to do under the terms of the policy.

It follows, therefore, that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.[7]

Order reversed, etc.