G. Robert Witmer, J.
This is a motion for an order directing Robert Stowell, former agent of the defendants, to answer certain questions put to him by plaintiff’s attorney on an examination before trial, which questions, on advice of counsel, said witness declined to answer. Plaintiff also moves for an order for discovery and inspection of defendants’ files concerning the four negligence actions by Aleck Whatley against plaintiff, by plaintiff against Aleck Whatley, by Luther Vaughn against Whatley and by Victor Walker against Whatley, growing out of an accident which occurred on June 12, 1960; and plaintiff seeks such other relief as to the court seems just and proper. Under orders, made by Messrs. Justices Brasser and Ark of this court, plaintiff examined before trial said Robert Stowell, who had the files of said actions with him at the time. On advice of counsel he declined to answer many questions put to him on the examination, and refused to produce for inspection certain documents demanded of him by plaintiff’s attorney, although he admitted they were in the file.
This action grows out of the afore-mentioned accident and actions thereon. It appears that Whatley owned an automobile insured by defendants when an accident occurred in which all four parties to the above-named actions were injured. Claiming that the plaintiff, Colbert, was driving and that he, Whatley, was asleep in the automobile, Whatley recovered a verdict against Colbert in the sum of $225,000. Colbert, Vaughn and Walker claimed that Whatley was driving, but the jury rendered “ no cause ” verdicts as to them. Whatley’s insurance policy gave coverage to the extent of $10,000 for injury to one person. As driver, Colbert was protected by that policy, and defendants have paid the $10,000 upon Whatley’s judgment, leaving $215,000 and interest unpaid thereon. During the course of the trial of that action Whatley offered to accept $10,000 in settlement, and Colbert asked defendants to pay it and thus relieve him of the risk of having a. large judgment against him;,but defendants refused to offer anything in settlement. Colbert, the judgment debtor, as plaintiff in this action, seeks to compel defendants to pay the remaining $215,000 of the judgment in excess of the *1095 insurance coverage, or otherwise relieve him of responsibility therefor.
Plaintiff’s action is upon the theory that defendants did not exercise good faith in defending the two actions, to wit, Whatley against Colbert and Colbert against Whatley. The contention is that defendants employed two different firms of lawyers, one to defend Colbert and one to defend Whatley, but acted in bad faith with the purpose and expectation of securing a verdict of no cause for action against each of them, and of thus avoiding any responsibility for payment of damages under its policy. Plaintiff claims that since defendants in reality represented both sides, they knew all of the evidence and knew that the evidence of the troopers and other impartial witnesses supported Whatley’s position and that the chances of Whatley recovering a verdict against Colbert were very high, and they acted entirely in self-interest and in violation of their duty to plaintiff.
The action is founded on the meager New York case law respecting the liability of a casualty insurance company for failure to protect its insured by settling a case within the policy limits when the claimant offers to do so and the insured requests it. (Brassil v. Maryland Cas. Co., 210 N. Y. 235; Brunswick Realty Co. v. Frankfort Ins. Co., 99 Misc. 639; Brown v. United States Fid. & Guar. Co., 314 F. 2d 675; Gregersen v. The Ætna Cas. & Sur. Co. [U. S. D. C., So. List, of N. Y.], 61 Civ. Action 2136, Murphy J., Feb. 7,1964, and cf. Best Bldg. Co. v. Employers’ Liab. Assur. Corp., 247 N. Y. 451 and Auerbach v. Maryland Cas. Co., 236 N. Y. 247.)
By means of discovery and inspection plaintiff seeks to search defendants’ files of the underlying negligence actions to ascertain if there is any evidence therein to support his claim of bad faith on defendants’ part. CPLR 3120 (subd. 1) provides for discovery and inspection of “ any specifically designated documents ’ ’. Insofar as plaintiff has failed to designate specifically the documents which he seeks, his application for discovery and inspection is denied. (Rios v. Donovan, 21 A D 2d 409; Coffey v. Orbachs, Inc., 22 A D 2d 317; Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918, 919.) The procedure for plaintiff to ascertain the identity of the documents which he seeks is also stated in the last three cited cases, and reference is made to CPLB 3111. In his examination of Bobert Stowell plaintiff was, in fact, proceeding as suggested in said cases and section, except that in most instances he did not go far enough in his examination of the witness. Of course, the refusal of the witness to present to plaintiff’s counsel for inspection any of the requested *1096 identified documents also hampered the examination. This brings us to the consideration of the merits of the demands and objections thereto and the refusals to produce made on said examination before trial.
In accordance with the Bios and Coffey cases (supra) and CPLR 3111 plaintiff is entitled to have for marking for identification and use upon the examination before trial of Robert Stowell the documents which the latter says are in his files and which by plaintiff’s oral examination of the witness plaintiff shows to be material and necessary to the issues herein, in accordance with the orders of Messrs. Justices Bbasseb and Aek. Defendants state that the papers with respect to the said four negligence actions are intermingled in their file; and apparently most of the documents sought are relevant to all four cases. The reports of the accident received by defendants are material and necessary to determine whether defendants had knowledge of the strength of Whatley’s case against plaintiff, which knowledge could have a bearing upon the question of defendants’ good faith in refusing to settle. This would include all statements by parties and witnesses identified as being in the file and germane to these four negligence actions. As against this plaintiff those documents are not exempt under CPLR 3101 (subds. [c] or [d]) as attorney’s work product or material prepared for litigation. This situation is distinguishable from that in Finegold v. Lewis (22 A D 2d 447). In the case at bar the defendants were working, presumably, for and on behalf of the plaintiff in gathering this material, and he is entitled to see it now, if it is established to be such.
Likewise, all communications and correspondence between defendants and Mr. Harpending, employed by them to defend plaintiff in Whatley’s action against him, shall be made available to plaintiff on the examination before trial insofar as such materials are identified and shown on the oral examination to be material and necessary; and the same is held with respect to correspondence between defendants and Mr. Connors, employed by them to defend Whatley in Colbert’s action against him, and the correspondence between Messrs. Harpending and Connors relating to instructions and plans for methods of handling the defenses of these four cases. This evidence bears upon the defendants’ good faith in defending said negligence actions. As stated in Shafer v. Utica Mut. Ins. Co. (248 App. Div. 279, 289) with respect-to the attorney-client privilege: “ that privilege cannot be resorted to by a party witness to shield himself from a disclosure which is a legitimate subject of inquiry. (Chellis v. Chapman, 7 N. Y. S. 78, affd. 125 N. Y. 214.) Shafer *1097 was called as a witness by defendant in part to prove that it had good reason for disclaiming because Shafer had deceived it. The counsel with whom Shafer talked was counsel not only for him — under his insurance contract — but for the defendant. That defendant had good reason for disclaiming was a ‘ legitimate subject of inquiry. ’ It would have been difficult to make the proof otherwise. If the testimony sought to be elicited would have indicated that Shafer upon the trial to come was about to turn traitor to defendant and lend assistance to his daughter it might have had an important bearing upon defendant’s course of action. The statement many times made judicially that such a statute is intended to be a shield but not a sword is applicable. The testimony should have been received.” (See likewise, Liberty Mut. Ins. Co. v. Engels, 41 Misc 2d 49, affd. on other grounds 21 A D 2d 808.)
In summary, no document in defendants’ said files may be withheld from being marked for identification and use by plaintiff’s attorney on the examination before trial herein, provided it is first identified and its materiality shown.
It is not necessary at this time to determine whether or not under circumstances which may develop, plaintiff will have further rights to examine said files. For the present, any further right is denied, and plaintiff is relegated to proceeding further with his examination as authorized by said orders by Messrs. Justices Brasses, and Ark, subject to the additional rulings herein made.