Richard D. Simons, J.
This is a motion brought on by order to show cause by the plaintiff pursuant to article 31 of the OPLR. This procedure was made necessary by reason of the *15 defendant’s failure to proceed with examination before trial pursuant to notice.
The defendant was the insurer under a liability policy covering an automobile owned by the plaintiff. On June 25, 1962, at a time when the policy was in effect, the plaintiff’s automobile was being operated by her son, with her permission, and was involved in a one-car accident which resulted in the death of one of the passengers in the vehicle and the very serious and severe injuries to the other passenger. Three actions resulted: Goodale as administrator against Groben, Rosen against Groben, and Rosen against Groben (derivative action). These actions against the plaintiff and her son sought damages in the total amount of $825,000. Because the demands were in excess of the policy limits of $100,000-$300,000, the plaintiff was represented not only by an attorney retained by the defendant but by her personal counsel as well.
After trial, the jury returned verdicts in all causes of action totaling over $262,000. The verdicts in the Rosen actions exceeded the policy limits by the amount of $90,000. After a compromise of the Rosen judgments, there remained outstanding the sum of $19,000 over and above the policy coverage which the plaintiff has paid out of her own resources. The defendant participated in all posttrial proceedings. This present action has resulted from that disposition.
It is alleged in the pleadings that at various times prior to and during the trial of the actions, settlement could have been arranged for all claims within the policy limits, but that the defendant, acting through bad faith and wanton negligence in violation of its obligations and responsibilities under the contract of insurance, failed to do so. The case proceeds upon the theory set forth in Brassil v. Maryland Cas. Co. (210 N. Y. 235); Brunswick Realty Co. v. Frankfort Ins. Co. (99 Misc. 639) and Brown v. United States Fid. & Guar. Co. (314 F. 2d 675 and citations thereunder); but, cf., Auerbach v. Maryland Cas. Co. (236 N. Y. 247).
The plaintiff seeks to compel production of some 22 different groups of documents in the hands of the defendant pertaining to the two actions of Rosen against Groben. Enumerated generally in the moving papers are investigative reports, witnesses’ statements, medical bills, physical examination reports, all correspondence and interoffice memos regarding the litigation, copies of reports of reconstruction and property damage experts employed by the defendant, correspondence between the defendant and their trial attorney, authorizations and evaluations made by any claims analyst of the defendant, correspondence *16 with the Insurance Department of the State and interoffice correspondence in respect to the establishment of a reserve, various items of correspondence relating to certain specified conferences, pretrial examinations and trial reports. In short, the plaintiff wishes to examine with respect to the defendant’s entire file. The defendant resists this motion upon the grounds specified in CPLR 3101 (subds. [b], [c], and [d]), that the information sought is privileged matter, the work product of art attorney and material prepared for litigation.
It can no longer be doubted that a litigant is entitled to a liberal pretrial disclosure of all matter necessary and material \o the preparation and trial of the issues in his lawsuit unless .t is subject to a specific privilege or exclusion under the statute. That right of disclosure extends not only to matter which may be primary evidence but also to all evidence which may be relevant in discovering evidence necessary to the prosecution and defense of the action. If it appears that the material sought may have some purpose in preparation for trial, the courts have freely allowed disclosure of it. (Beyer v. Keller, 11 A D 2d 426; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.04 et seq.) Furthermore, the procedure adopted by plaintiff is in accordance with the decision in Rios v. Donovan (21 AD 2d 409).
The question remains as to the scope of examination and the nature of the documents about which information may be sought. The plaintiff may examine, mark and identify any book, paper or thing in the defendant’s file and examine in respect to it. (3 Weinstein-Korn-Miller, N. Y. Civ. Practice, par. 3111.04 et seq.) If a question should arise with respect to the availability of particular items for discovery under the provisions of CPLR 3101, a further motion may be made under CPLR 3120 at which time the plaintiff will be in a position to identify specifically the document or thing sought on the basis of information gathered at the examination. For the guidance of the parties, however, it should be pointed out that it was held in Colbert v. Home Ind. Co. (45 Misc 2d 1093) that the objections of privilege (CPLR 3101, subd. [b]) work product of any attorney (CPLR 3101, subd. [c]) and material prepared for litigation (CPLR 3101, subd. [d]) are legally insufficient in a case such as this. (Cf., also, Chitty v. State Farm Mut. Auto. Ins. Co., 36 F. R. D. 37.)
There is included in the proposed notice a request for production of material concerning the reserve established by the insurer and correspondence with the Insurance Department of the 'State in respect to it. Presumably, these items could be *17 material and necessary to the action as an admission against interest as to defendant’s knowledge and evaluation of the case. It can be argued that this was an internal matter of the insurer not related to the preparation of the legal defense of the actions. However, examination with respect to the reserve may develop evidence on the issue of defendant’s bad faith. Bad faith is a state of mind which must be established by circumstantial evidence. The actions of defendant in respect to the reserve are relevant. Negligent investigation and uninformed evaluation of the worth of the Rosen claims go to the heart of the case since serious and recurring negligence can be indicative of bad faith. Defendant’s actions on the reserve may have a direct bearing on the issue.
The defendant is ordered to appear by an officer or agent familiar with the cases of Rosen against G-roben and Goodale against Groben and submit to an oral examination as to all matters material and necessary to the prosecution of this action and at such time the defendant will produce the books, papers and things specified in the moving papers. Such examination shall take place within 10 days of service of a notice of entry of the order herein on the attorney for the defendant at a time and place to be agreed upon by the attorneys. In the event they are unable to agree as to any of the particulars, they may apply to the court for further instructions.