**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity and as Receiver of Franklin National Bank, Plaintiff,**

v.

**NATIONAL SURETY CORPORATION et al., Defendants.**

**Sol Neil CORBIN, as Trustee in Bankruptcy of Franklin New York Corporation, Plaintiff,**

v.

**NATIONAL SURETY CORPORATION et al., Defendants.**

Nos. 76 Civ. 494, 76 Civ. 515.

United States District Court, E. D. New York.

Jan. 19, 1977.

Casey, Lane & Mittendorf, New York City, for plaintiff; William E. Kelly, Edward C. Cerny, III, New York City, of counsel.

Rivkin, Leff & Sherman, Garden City, N. Y., for National Surety and Firemen's Fund; Leonard L. Rivkin, Garden City, N. Y., Jeffrey Silberfeld, Point Lookout, N. Y.,

Harry Weinig, Hempstead, N. Y., of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Aetna Cas. & Sur. Co.; Mark A. Belnick, Richard Wasserman, New York City, of counsel.

Shea, Gould, Climenko, Kramer & Casey, New York City, for Ins. Co. of N. A.; Ronald H. Alenstein, Robert Hawley, New York City, of counsel.

Barrett Smith Schapiro & Simon, New York City, for Corbin; Michael O. Finkelstein, New York City, of counsel.

## MEMORANDUM AND ORDER

PLATT, District Judge.

In the second of the above entitled actions defendant bonding companies have moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, and the Trustee in such action has cross-moved for partial summary judgment under such Rule for a determination that the notice and proof of loss requirements of the bonds issued by the defendants have been satisfied with respect to the Trustee's first and second claims and that the notice provision in such bonds is not a bar to the Trustee's third claim in his complaint.

Since last July the parties have inundated this Court with memoranda, answering memoranda, reply memoranda, supplemental memoranda, etc., and innumerable affidavits to the point where it has become exceedingly cumbersome to define the key issues for determination on these motions. In addition the Court has difficulty with ridding itself of the impression that the defendant bonding companies are operating under the mistaken assumption that a torrent of words and paper will either overwhelm the Court or somehow otherwise do away with their obligation to defend on the merits lawsuits brought against them by their insured.

In reality, when the excess verbiage is stripped away, the questions presented by the motions are relatively simple.

Plaintiff's amended complaint, around which most of the controversy herein appears to rage, alleges that jurisdiction of the action is based upon diversity under § 1332 of Title 28 of United States Code and, particularly with respect to the second claim therein, under §§ 2201 and 2202 of Title 28 of United States Code.

Plaintiff alleges that he is the Trustee in Bankruptcy of the Franklin New York Corporation ("FNYC"), a New York corporation which filed a voluntary petition in bankruptcy in United States District Court for the Southern District of New York on October 16, 1974. Prior to that date FNYC owned all the outstanding common stock, other than directors' qualifying shares, of Franklin National Bank ("FNB"), a national banking association organized in 1926 under the laws of the United States.

On October 8, 1974, FNB was declared insolvent by the Comptroller of the Currency and the Federal Deposit Insurance Corporation ("FDIC") was appointed its Receiver.

During the years 1969 through 1972 the defendants executed and delivered to FNB Bankers Blanket Bonds insuring FNYC and FNB against any loss through any dishonest or fraudulent act of employees of either of said corporations with amounts of coverage as follows:

| Bond # | Insurer | Deductible | Limit of Liability |
|---|---|---|---|
| HFR 2327632 | NSC | $ 100,000 | $4,000,000 |
| HFR 2327633 | NSC | $ 4,100,000 | $4,000,000 |
| 1 F–19232–BC | Aetna | $ 8,000,000 | $2,000,000 |
| S–72–47–07 | INA | $10,100,000 | $5,000,000 |

Plaintiff further alleges in his complaint that all premiums on such bonds were paid and that the insured performed or satisfied all applicable terms and conditions.

For his first claim the plaintiff alleges that in 1973 and 1974, while such bonds were in full force and effect, certain fraudulent or dishonest acts were committed by one or more of the employees of the insured who were engaged in foreign exchange trading and the processing of foreign exchange contracts resulting therefrom; that in May 1974, immediately upon discovery by the plaintiffs that losses resulted from such trading, defendants were given written notice by the FNB of the same and thereafter proofs of loss were filed with the defendants on or about June 1974, and as a result of the aforesaid losses the value of FNYC's investment in FNB declined in an amount in excess of $45,000,000, and that therefore plaintiff is entitled to be indemnified and held harmless by defendants from losses within the limits of the above-specified bonds.

For his second claim plaintiff realleges all of the foregoing and says further that in 1972 through 1974 certain fraudulent or dishonest acts were committed by one or more employees in the investment department of FNB who were responsible for the purchase and sale, for either a trading account or an investment portfolio of United States Government or other securities as a result of which the value of FNYC's investment in FNB declined in an amount in excess of $15,100,000, and that plaintiff therefore is entitled to be indemnified and held harmless by defendants for the aforesaid losses within the limits of the above-indicated bonds.

For his third claim plaintiff alleges that as a result of the fraudulent and dishonest acts alleged in the complaint four class actions against FNYC and FNB were filed by purchasers of FNYC securities and are currently pending in this Court, and that as a consequence thereof plaintiff has been substituted as a defendant in each of these actions and has incurred legal and other expenses in their defense. Plaintiff says that he has demanded that the defendants indemnify and hold him harmless for legal and other expenses as well as for any losses resulting from judgments entered in such actions and that he is entitled to a declaratory judgment against the defendants for the same.

For his fourth claim, plaintiff alleges that he gave the defendants written notice of the losses heretofore alleged and filed proofs of loss and despite this fact defendants in bad faith and in gross disregard of

their obligations under the bonds, have failed and refused to make payment therefor and that plaintiff is therefore entitled to recover his legal and other expenses incurred in instituting and prosecuting this action.

Defendants claim that the Trustee's first and second claims are derivative claims which the Trustee lacks standing to maintain directly and, as is customary in all insurance policy claims, they allege that the Trustee's first, second and third claims are barred because of the Trustee's alleged failure to give proper written notice and file adequate proofs of loss. As to the Trustee's fourth claim, they assert that the same should be dismissed because it fails to state a claim upon which relief can be granted.

As thus defined, the issues are not all that complicated.

One additional fact needs to be noted with respect to the first of such issues and that is that by stipulation entered into on June 22, 1976, the Trustee and the FDIC (representing the interests of the FNB) agreed to reserve the allocation between the plaintiffs of defendants' maximum liability under the bonds until after the defendants' liability had been adjudicated and therefore such issue is not now before the Court. It should also be noted that both the Trustee and the FDIC have agreed that defendants' liability will not be increased by the fact that two, rather than one, of the insured claim coverage. Thus, there will be only one recovery in the consolidated lawsuit and the allocation of that recovery will be determined if, when and after defendants' liability is determined.

Given these facts the Trustee's position would appear to be the same as (if not stronger than) that of the parent corporation in *Hansen & Rowland v. Fidelity & Deposit Co. of Md.,* 72 F.2d 151 (9th Cir. 1934), where the Court of Appeals rejected the same types of arguments as the defendant bonding companies advance herein. In view of the stipulations made between the plaintiffs herein, this Court sees little if any distinction between the fact that in the *Hansen* case the parent and the assignee of

its subsidiary sued as co-plaintiffs, whereas in this case the parent and its subsidiaries are suing as plaintiffs in separate but consolidated cases. The reasoning in that case applies here. *See also Oklahoma Morris Plan Co. v. Security Mutual Casualty Co.,* 323 F.Supp. 1057 (E.D.Mo.1970), *aff'd,* 455 F.2d 1209 (8th Cir. 1972).

■ The point that the defendant bonding companies appear to be unwilling or to fail to grasp is that the Trustee stands in the shoes of a named insured, i. e., FNYC, and as such he does not have a derivative but a direct claim against them. Whether this claim is of any value in view of FNB's claim is not at issue at this juncture. The sole question is whether the Trustee may maintain his action and under the reasoning of the *Hansen* case it seems clear that he may.

■ The next question is whether timely notice and adequate proofs of loss were filed with the defendant bonding companies. There is no dispute but that the FNB gave timely notice and filed adequate proofs of loss with respect to the various employee defalcations upon which the Trustee relies in his first two claims. Defendants complain, however, that they were not apprised of the fact that the FNYC as the corporate parent of FNB also intended to file a claim and sue to recover for the loss of the value of its investment in FNB. To the Court this seems to be a somewhat tenuous argument on the part of the defendant bonding companies. However, the question of whether it has any substance and materiality appears to be an issue of fact which is best left for resolution at the trial and hence all parties' motions with respect to this issue will be denied at this time.

Defendants next argue that FNYC's failure to give formal notice prior to February 18, 1976, of the above-indicated lawsuits in which it is named as a defendant relieved them of liability to indemnify the Trustee for the cost of defending such suits under the terms of the bonds. The Trustee, however, contends that the notice of suit provi-

sion in the bonds is an agreement or covenant by the insured and is not a condition precedent to the liability of the underwriters with the result that failure to give notice would work a forfeiture only if the breach of that agreement created substantial prejudice which could not be shown in the case at bar.

■■■ The Court agrees with the first part of plaintiff's contentions. As the plaintiff correctly points out, the notice provisions in the bonds in question are expressly designated as a covenant and since here a construction resulting in a condition is not favored, there is no question but that the contrary construction should be adopted. *Prudence Co., Inc. v. Fidelity & Deposit Co. of Maryland,* 2 F.Supp. 454 (S.D.N.Y.1933). Again, the question of whether the defendants were substantially prejudiced is an issue of fact which can only be resolved at the trial and hence all parties motions with respect to this issue must also be denied.

As indicated above, the plaintiff in the fourth claim of his complaint alleges that "[d]espite the prompt submission of proofs of loss by the Insured and the extensive documentation submitted therewith, subsequently, defendants, in bad faith and in gross disregard of their obligations under the bonds, have failed and refused to make either any payment or offer of payment" and as "a result" thereof "plaintiff is entitled to recover his legal and other expenses incurred in instituting and prosecuting this action."

■■ If plaintiff can prove the foregoing, i. e., satisfy the requirement of a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it, then he may be entitled to the legal expenses which he seeks. *Sukup v. State of New York,* 19 N.Y.2d 519, 522, 281 N.Y.S.2d 28, 31, 227 N.E.2d 842, 844 (1967); *Brassil v. Maryland Cas. Co.,* 210 N.Y. 235, 242, 104 N.E. 622 (1914). Here again there are issues of fact which must await resolution at a trial and hence defendants' motion to dismiss this claim must also be denied.

In connection with this latter claim, the Trustee points out that the defendant bonding companies have taken several steps which give every appearance of "foot dragging" in this litigation. Specifically, the Trustee states that their first maneuver was a motion for a stay of discovery which was denied; they then made a motion to stay the actions themselves which was also denied; they have made the present motion and they have purported to reserve the right to make "any motion against all or any part of the FDIC's complaint pursuant to Rule 56, Fed.R.Civ.P., or pursuant to any other Rule or statute" and "in the event of an adverse decision by the Court on the pending motions * * * [they] may move to require the service of a consolidated complaint by the FDIC and the Trustee in the above consolidated actions."

The Court will save the defendant bonding companies the time and expense of making the latter motion by indicating right now that it sees no valid reason why the two actions need be consolidated further than they are right now.

The Court will also indicate to the defendant bonding companies that it will not entertain a motion for summary judgment with respect to the FDIC complaint until the defendant bonding companies have served and filed their answers and all pretrial discovery has been had herein unless the parties can agree upon a Rule 9(g) statement which eliminates all material issues of fact with respect to any question of law or laws upon which any such summary judgment motion is based.

Accordingly, the defendant bonding companies are directed to answer the amended complaints herein within ten days following the date of this Court's decision and on the first Friday following such ten day period counsel for all of the parties hereto shall appear in Courtroom 7 of this Court at 11:00 a. m. to advise the Court of their proposed schedule for the completion of whatever pretrial discovery remains to be done in these cases.

SO ORDERED.