T. Paul Kane, J.
There are four motions before the court, three of which relate to pretrial discovery procedures of the parties, and one to strike the note of issue filed by the plaintiffs.
The main action is by the assignees of defendant’s insured in which they claim that the defendant was negligent and guilty of bad faith and deceitful conduct in disclaiming, refusing to defend and refusing to settle a judgment within the policy limits. On July 28, 1966, Gerald T. Vaccaro, defendant’s insured, was operating an automobile involved in a one-car accident which inflicted severe and permanent injuries on infant plaintiff, a passenger in the vehicle. Action was then commenced against the insured, and the within defendant disclaimed coverage and refused to defend. Subsequently the action culminated in a judgment after a default and inquest, which judgment was in favor of the infant in the sum of $85,000 and the infant’s father in the sum of $5,938.05. Thereafter an assignment of the judgment was executed to the within plaintiffs. The first cause of action by the assignees is for alleged negligence, bad faith and deceitful conduct of defendant in which the full amount of the judgment is sought. The complaint contains a second cause of action in which the assignees seek the policy limits of $10,000 pursuant to section 167 of the Insurance Law.
Addressing itself to the less significant applications first, the court denies the motion to strike the note of issue filed for the *966 April, 1968 Supreme Court Term in Schoharie County. The original urgency no longer exists, and with only two Trial Terms of Supreme Court in Schoharie County, the next being November, 1968, there should be no difficulty in readying the action for trial at that time.
Defendant served a notice of examination before trial to examine plaintiffs and the assignor of plaintiffs. On the grounds that the assignor is not a party to this action and only a witness over whom plaintiffs have no control, an application has been made to vacate the notice as it relates to the assignor. In relation to the defense to the first cause of action, it is apparent that the testimony of the assignor insured is material and necessary and should be obtainable by the defendant (CPLR 3101, subd. [a], par. 4).
Defendant also seeks an order requiring plaintiffs to serve a further bill of particulars in relation to demands Nos. 1, 6, 8 and 9. It does appear that all the cited demands have not been complied with adequately. Due to the nature of plaintiffs ’ claim, they should state the exact date of acquisition of the Buick in response to demand No. 1. Plaintiffs are relying upon a provision in the policy which provided for application of the insurance policy to a replacement vehicle owned by the insured for less than 30 days. The answer that “ It will be claimed that the Buick was acquired on about July 1, 1966 ” should be more exact, or if plaintiffs are unable to state the exact date, they should reveal that lack of knowledge. The answer to demand No. 6 is sufficient. In response to the demand to have attached to the bill a copy of the transfer stub and of any other document relative to acquisition of the said 1957 Buick and the transfer of title thereto to plaintiffs’ assignor, plaintiffs have stated that they do not have the document of transfer of the Buick but upon information and belief, Gerald T. V.accaro had an affidavit of sale signed by the record owner of the Buick in his possession at the time of the accident. In view of the fact that an examination of plaintiffs’ assignor is being directed herein, defendant will have the opportunity to obtain the document sought in the demand. The response to demand No. 8 refers to towing, while the demand seeks information regarding when the 1956 Plymouth had last been driven. Demand No. 9 seeks information as to when the 1956 Plymouth had last been driven by anyone other than Gerald T. Vaccaro with his permission and consent. Both demands Nos. 8 and 9 should be responded to again since the existing responses do not answer the questions.
On March 13, 1968, an examination before trial was conducted of agents, servants and employees of defendant and *967 Crawford and Company. Other than preliminary answers, the attorney for defendant directed the witnesses not to answer questions upon the ground that there was a privileged and confidential relationship existing between the defendant and the insured. Plaintiffs now seek an order directing defendant to appear by D. E. Joslin and W. H. Harrison, employees of the defendant, and also by Francis Kelly, an employee of Crawford and Company, and to submit to an oral examination as to all matters material and necessary to the prosecution of the action and including the production of certain books, papers and records. Defendant’s contention that a privileged and confidential relationship exists between it, as insurer, and the insured is without merit (CPLR 3101, subds. [b], [c]). The very case relied upon by defendant negates such a relationship (Kandel v. Tocher, 22 A D 2d 513). It then will be considered that defendant is urging the exclusion based on CPLR 3101 (subd. [d]), as material prepared for litigation. The Kandel case drew a distinction between reports and statements involved in the performance of an insurer’s responsibility under automobile liability insurance and reports and statements resulting from the regular internal operation of an enterprise, excluding the former from discovery. This holding, however, should not be applicable to an action between an insured, or his assignee, against an insurer, such as presently before the court.
Defendant was presumably working for and on behalf of the plaintiffs’ assignor in gathering the material, and, upon this distinction, discovery is allowed (Colbert v. Home Ind. Co., 45 Misc 2d 1093; Groben v. Travelers Ind. Co., 49 Misc 2d 14). The theory is that while the materials may have been prepared for litigation, the litigation for which they were prepared was the prior suit in which the insurer represented the insured, or failed to represent the insured as herein, and not the present suit in which the insurer represents itself. In the ordinary negligence case when the insured is sued and the insurer defends, the rule of Kandel v. Tocher (supra) applies and with sound reason. In such controversies between the insured and insurer, actions which are few in number but usually grounded in bad faith allegations, the availability of disclosure of records otherwise excludable under the Kandel rule is of vital significance. The situation parallels an ordinary breach of contract action in which, in order to prove the breach, records of the defendant are resorted to and discovery permitted under our liberal rules of discovery. It would be inconsistent with this liberality, even accepting the Kandel rule, to deny plaintiffs access to reports and records, and to deny an examination before trial, when the *968 proof exists solely within the internal operation of the defendant. Defendant is directed to comply in full with the notice of examination of plaintiffs, including the production of documents cited therein (CPLR 3101, subd. [d], par. 2; Colbert v. Home Ind. Co., supra; Groben v. Travelers Ind. Co., supra; Bennett v. Troy Record Co., 25 A D 2d 799).