Paul J. Widlitz, J.
Motion by defendant insurance company for an order pursuant to CPLR 3133 striking the interrogatories 9, 10, 11 and 13 as set forth in plaintiff’s amended demand is denied.
Items 9, 10, 11 and 13 of the amended demand concern the name, address, occupation and report of defendant’s expert or any independent expert from whom defendant has obtained a report as a result of the investigation of the property damage loss of $74,019.14. Defendant’s sole objection is that such information is privileged and not discoverable under Finegold v Lewis (22 AD2d 447) and Kandel v Tocher (22 AD2d 513) because defendant’s vice-president of claims "believes” such was an investigation made by an insurance carrier in preparation for litigation. Those cases applied to a liability insurer in personal injury actions for negligence and are not applicable here. This is an action on a special multiperil policy insuring personal property against vandalism. The Finegold-Kandel rule applies only to liability insurance. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:32, p. 36.) In Welch v Globe Ind. Co. (25 AD2d 70), it was held that a fire insurance adjuster’s report of his investigation of a fire on plaintiff’s premises was held subject to examination before trial. Defendant’s affirmative defense raises the issue as to the truth of the loss by vandalism claimed by plaintiff. Plaintiff’s interrogatories seek to ascertain the basis of defendant’s defense through the reports and statements collected by expert investigators prepared in the ordinary course of business in the investigation of such type of large property damage losses. Here, the defendant was clearly gathering such material for its own benefit and not as a representative of the insured; therefore, discovery is allowed (Collins v Jamestown Mut. Ins. Co., 56 Misc 2d 964, 967). In any event, defendant has failed to demonstrate that the furnishing of such interrogatories would be an "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.” (CPLR 3103, subd [a].)